IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO 06-0288-KD-C |
| ROLISON TRUCKING CO., LLC., ) GAIL W. ROLISON, and RONNY P. ) JOHNSON, ) ) | |
| Defendants. ) | |

### ORDER

This action is before the Court on the plaintiff Norfolk Southern Railway Company's motion to lift the stay, enter a scheduling order, and resolve the issues of the amount of damages due to Norfolk and whether the defendants Rolison Trucking Co., LLC, Gail W. Rolison, and Ronny P. Johnson's conduct was wanton (docs. 57, 61).[1] Upon consideration, and for the reasons set forth herein, the motion to lift stay is DENIED.

I. Factual Background

On February 14, 2005, a train owned by Norfolk Southern Railway Company (Norfolk) collided with a truck owned or operated by Rolison Trucking Co. LLC, (Rolison Trucking) and owned or operated by Gail W. Rolison (Rolison) and driven by their employee Ronny P. Johnson (Johnson) on Walker Springs Road in Clarke County, Alabama near Jackson, Alabama. Three locomotives and the truck were damaged and Johnson was injured. (Docs. 1, 9, 12).

---

[1] Plaintiff's motion for leave to file a reply (doc. 60) is GRANTED.

II.  Procedural history

Previously, defendants filed a motion to stay or dismiss this action because a similar action had been filed in an Alabama state court. In September 2006, the motion to dismiss was denied and the motion to stay this action was granted. (doc. 25). This Court applied the *Colorado River* analysis[2] and found that the potential for excessive and inconsistent piecemeal litigation outweighed the neutral factors and outweighed the factors in favor of litigation in this court. (*Id.*)

The parties' arguments

In the motion to lift the stay, Norfolk asserts that because the Alabama Supreme Court has resolved all claims and because there is a presumption in favor of this Court exercising jurisdiction, "there is no longer a basis for this Court to abstain from exercising its unquestioned jurisdiction."(doc. 57, p. 8). Norfolk argues that this action was not stayed for all issues to be resolved in the state court but instead now that the issue of liability has been established, the stay should be lifted and the remaining issues resolved here. Norfolk asserts that when this Court lifts the stay, it will dismiss its remaining state court counter-cross claim against the defendants. (The state court counter-cross claim alleges the same claims as the complaint in this action).

Defendants respond that the motion is premature and lifting the stay is inappropriate (doc. 59). They argue that the Alabama Supreme Court did not finally resolve all issues but instead reversed and remanded the action such that there are matters pending before the state court judge on remand. Defendants argue that since the claims in the state court are not final and progress in

---

[2] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246-1247 (1976).

the state court outdistances any progress in this court, the state court, "by virtue of its prior experience," is in the best position to determine damages and see the claims to conclusion. They also argue that they may petition for writ of certiorari to the U. S. Supreme Court or possibly file post-remand motions in the state court.

Analysis

In this Court, Norfolk asserted negligence and wantonness claims against Rolison Trucking Company, Gail Rolison and Ronnie Johnson. (Doc. 1). In the state court counter-cross claim, Norfolk asserted negligence and wantonness claims against the same defendants and the jury returned a verdict in favor of the defendants. *Norfolk Southern Ry. Co. v. Johnson,* --- So. 3d ----, 2011 WL 835060, *18 (Ala. Mar. 11, 2011). On appeal, the Alabama Supreme Court decided that defendant Johnson's negligence was the "sole proximate cause" of the accident, reversed the verdict, and made no determination as to Johnson's wantonness. (*Id.*)

Now, Norfolk seeks to have this Court determine the issue of whether defendants acted wantonly and fix damages accordingly. In the motion, Norfolk states that the Alabama Supreme Court decision "is binding and dispositive of the liability issues (except for whether the Johnson-Rolison parties' conduct was wanton) and between the parties in this case, the only substantive issues left are simply the amount of damages to which Norfolk Southern is entitled and whether the conduct of the Johnson-Rolison parties was wanton." (Doc. 57, p. 9) (parenthetical in original).

However, the *Colorado River* abstention doctrine[3] and principles of comity and

---

[3] In *Colorado River*, the Court stated that "... there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '[w]ise (Continued)

federalism both persuade this Court that the stay should not be lifted.  Although, federal courts are not precluded from the exercise of federal jurisdiction where there is a parallel state court action pending, "a district court is under no compulsion to exercise that jurisdiction where the controversy may be settled more expeditiously in the state court." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662–63, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978)).   At this point, the state court has addressed this litigation from the initial complaint through reversal and remand on appeal. Thus, as defendants argue, the state court, "by virtue of its prior experience", is in the best position to determine damages and see the claims to conclusion.  Therefore, the motion to lift the stay is denied.  The Court will not consider a motion to lift the stay until and unless the claims are no longer pending in state court.

      **DONE** this the 30th day of November, 2011.

         **s/ Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

---

judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (quoting *Kerotest Manufacturing Co., v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, 203 (1952); *see also Lee Memorial Health Systems v. Guillermo* 2011 WL 5826672, 4 -5  (M.D. Fla. Nov. 18, 2011) (explaining that *Colorado River* abstention "relies on notions of judicial economy and not principles of federalism and comity.").